## H. J. O'BRIEN *et al.* v. B. C. SMITH.

<table><tr><td>42</td><td>49</td></tr><tr><td>60</td><td>302</td></tr></table>

PARTNERSHIP — *Dissolution* — *Accounting* — *Action by Partner to Recover for Services.* Where one of the members of a previously-existing copartnership firm was the general manager thereof, and was to receive for his services "one-third of all profits arising from the business, after deducting necessary expenses," he cannot, after the dissolution of the copartnership, but before the profits or losses are ascertained, maintain an action against the other members of the firm for the value of his services, nor for compensation, except in connection with some kind of proceeding by which a full accounting as between the partners and of all the partnership affairs can be had, although the partnership may have been wrongfully dissolved by the other members of the firm.

*Error from Elk District Court.*

THIS was an action brought in the district court of Elk county by *B. C. Smith* against *H. J. O'Brien* and *E. H. Hudson*, to recover $1,126.50 for personal services, and for the use of a horse and wagon. The defendants answered, setting forth, first, a general denial; second, that all the services, etc., set forth in the plaintiff's petition were furnished to all the parties jointly, the plaintiff and the defendants, as a copartnership, as follows: That on August 15, 1885, the plaintiff and the defendants entered into a copartnership for the purpose of conducting a farming and stock-raising business; that the defendants furnished all the capital, to wit, a farm and $5,720.33 in cash and personal property, and the plaintiff was to furnish all the labor and to take charge of and conduct the entire business, as the general manager thereof, and that his only compensation therefor was to be one-third of the net profits arising out of the business; that the plaintiff took charge of the business and conducted the same up to October 21, 1886, and that he so badly mismanaged the same that there was a net loss of $1,080.71, and the defendants ask for a judgment against the plaintiff for that amount. The plaintiff replied to this answer by filing a general denial. At the May term, 1887, the case was tried before the court without a jury, a *pro tem.* judge presiding, and the court made the following special findings of fact and conclusions of law, to wit:

"1. On the 15th day of August, 1885, articles of copartnership were entered into by and between the plaintiff and defendants as shown by exhibit 'A' offered in evidence, said exhibit being in words and figures as follows: 'This agreement, made and entered into this the 15th day of August, 1885, by and between Henry J. O'Brien and Edward H. Hudson, witnesseth, that the said parties have this day entered into a copartnership for the purpose of conducting a farming and stock-raising business upon the following terms and agreements. First, the said copartnership to last for the term of twenty years from this date, unless sooner dissolved by the mutual consent of the parties hereto, or by the death of either. Second,

the profits of said business, after deducting the necessary expenses, are to be equally and fairly divided between the parties hereto, one-half to each.  Third, and upon final dissolution of said partnership at the expiration of said term of years, or sooner by agreement, then all the profits arising from said business including the purchase-price of lands, stock, etc., are to be divided equally, one-half to each; said profits to be computed on the value of said lands, stock, etc., after the said Henry J. O'Brien and Edward H. Hudson have been repaid the full amount of the capital invested by them.  Fourth, in the event of any loss in said business, then it is understood and agreed that said loss shall be borne equally by the parties hereto, including any loss that may accrue from the purchase of lands, stock, etc., as mentioned in article three.  Fifth, the said Henry J. O'Brien and Edward H. Hudson agree to pay to Benj. C. Smith one-third of all profits arising from the business, after deducting necessary expenses, as his salary as manager.  Sixth, the said Benj. C. Smith agrees to give his whole time and attention to said business.  Seventh, no live stock of any description is to be sold or taken from the ranch without the consent of the said Henry J. O'Brien and Edward H. Hudson.

"'In witness whereof, the said parties have hereunto set their hands and seals, this, the day and year first above written.                    H. J. O'BRIEN.    [Seal.]
                                        E. H. HUDSON.    [Seal.]
                                        B. C. SMITH.     [Seal.]'

"In pursuance to said articles of agreement, the plaintiff took charge and managed the affairs as manager of the business of the defendants' farm in Elk county, Kansas, from the 15th day of August, 1885, to the 20th day of October, 1886. During the time that plaintiff had charge of the farm and business connected therewith of the defendants as above found, he managed and conducted the business in a reasonable, careful and prudent manner.

"2. On the 20th day of October, 1886, the defendants, without good or sufficient cause, discharged the plaintiff as manager of said farm of defendants, and business connected therewith.

"3. During the time plaintiff was engaged as manager of defendants' farm, he used a horse of his own in and about the work on said farm, and the value of the same was $2 per month, to wit, $28.

"4. The value of plaintiff's services as manager was of the value of fifty dollars per month, exclusive of board.

"5. There was in the hands of plaintiff moneys belonging to the defendants at the time of his discharge, in the sum of $59.35, that should be deducted from the value of plaintiff's services; and plaintiff received goods of the value of $28, which should be deducted from the value of plaintiff's services."

And from the facts found the court made the following conclusions of law:

"The plaintiff is entitled to recover the value of his services and that of his horse while employed on the farm of the defendants as general manager of the business of the defendants, after deducting the moneys in the plaintiff's hands at the time he was discharged by the defendants, and the value of the goods and moneys furnished the plaintiff by the defendants for his individual use."

The court also, in addition to the foregoing findings and conclusions, and by way of amendment thereto, found as follows:

"That said defendants, H. J. O'Brien and E. H. Hudson, were indebted to the plaintiff, B. C. Smith, at the commencement of this suit, in the sum of $648.65."

Upon these findings and conclusions the court rendered judgment in favor of the plaintiff and against the defendants for the sum of $648.65 and costs; and to reverse this judgment the defendants, as plaintiffs in error, bring the case to this court.

*J. A. McHenry,* for plaintiffs in error.

*Nichols & Jackson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: B. C. Smith, who was the plaintiff below, and is now the defendant in error, was a member of a copartnership firm of which H. J. O'Brien and E. H. Hudson, the defendants below and the plaintiffs in error, were the other members. Smith, the first-mentioned partner, sued the other

two partners for services performed by him, not for the defendants, but for the partnership. Can he maintain the action? It appears from the findings of the court below that the defendants wrongfully dissolved the copartnership, and wrongfully discharged Smith as manager of the partnership affairs; but Smith does not sue for these wrongs. Whether any damages resulted to Smith or not from these wrongs is not shown, nor were the same in issue under the pleadings in the case. The plaintiff simply sued for his services rendered by him to the partnership before its dissolution and before his discharge, and for nothing else. There is no pretense that this action was for an accounting. The defendants, besides interposing their general denial, also set up in their answer an affirmative cause of action; but their claim was only for damages alleged to have resulted from the mismanagement of the plaintiff of the partnership affairs, and they did not ask for any accounting.

But returning to the plaintiff's case: Can he maintain his action? We think not. The services rendered by him were rendered to and for the partnership, *including himself* as well as the defendants, and not for the defendants at all as individuals. And the services were to be paid for, not by the defendants, but by the partnership; and they were to be paid for out of the partnership funds, and only out of the profits of the business, to wit, "one-third of all profits arising from the business, after deducting necessary expenses." What the compensation for his services is or should be in dollars and cents no one can tell until there shall be a final accounting. If there were no profits, he is not entitled to anything for his services; and whether there were any profits or not has not been shown in this case. The defendants claim that there were none, and that there was a great loss. But even if there were profits, still, as they have never been ascertained, and as the plaintiff himself was a member of the partnership firm, he cannot maintain an action for the value of his services, nor for compensation, except in connection with some kind of proceeding by which a full accounting as between the partners and of all the partnership affairs can be had. This has not been done in

the present case, nor has it been asked for by either the plaintiff or the defendants.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.