M. A. CARTER, as Administratrix of the Estate of S.
F. Carter, deceased, v. JOHN S. CHRISTIE et al.

No. 9061.

1. EQUITY JURISDICTION — district courts have, on equity princi-
ciples, of matters pending in probate courts.   In case of a
partnership estate where the surviving partner has been cited be-
fore the probate court and has given a bond and undertaken the
management and settlement of the partnership estate, and where
the debts of the partnership have been paid and the estate prac-
tically settled, except to make an accounting and to divide the
assets between the surviving partner and the sole heir of the de-
ceased partner, the district court has jurisdiction in an action
for accounting between them, although the matter is pending in
the probate court and no final settlement of the estate has been
made therein.

2. SURVIVING PARTNER'S BOND — liability of sureties on, limited
to estate in principal's hands when given, and to partnership
transactions.   The sureties upon the bond of the surviving part-
ner cannot be held responsible for liabilities on transactions be-
tween the partners prior to the formation of the partnership, nor
for the individual liabilities of its members outside of the partner-
ship business; nor can they be held liable for more than the
amount of the partnership estate which was in the hands of the
surviving partner when the bond was executed.

*Error from Marion District Court.*
*Hon. Lucien Earle, Judge.*

REVERSED AND REMANDED.		OPINION FILED DECEMBER 5, 1896.

*Jetmore & Jetmore*, for plaintiff in error.

*Keller & Dean*, for defendants in error, the Dudleys.

JOHNSTON, J.   This was an action upon the bond given by John S. Christie as surviving partner of the late firm of Christie & Carter.   The firm was engaged in the banking business from June, 1886, until July 8, 1887, when S. F. Carter, a member of the partnership, died intestate.   M. A. Carter, his widow and sole heir, was appointed administratrix of the estate, and John S. Christie, the surviving partner, was appointed and for a time acted as co-administrator ; but he subsequently resigned, and M. A. Carter became sole administratrix of the estate.   After the decease of Carter, Christie carried on the banking business under the same firm name without giving a bond as surviving partner, until some time in September, 1889, when M. A. Carter caused a citation to be issued from the probate court requiring Christie to execute a bond as surviving partner and to proceed with the settlement of the partnership estate in accordance with law.   In pursuance of the citation a bond was executed by Christie as surviving partner, which was approved on the 24th day of September, 1889.   On December 26, 1889, M. A. Carter, as administratrix, brought an action against John S. Christie in the District Court for an accounting of the banking business ; and, in addition to the facts already stated, she alleged that Christie had refused to disclose the status of the business, and had not since the giving

of the bond made to the probate court any report either final or otherwise as surviving partner; that when the appraisement was made he had failed to exhibit the assets of the partnership to the appraisers or to aid them in making a correct appraisement of the property; that, although S. F. Carter had been dead for over two years and all the debts due from the firm had been paid, no steps were being taken by Christie to close up the partnership business, nor had he made payment of any portion of the amount due her as sole heir of the estate of S. F. Carter. It was alleged that there was no adequate remedy at law, and she therefore prayed for an accounting of the business between her late husband and Christie, and for judgment for the amount found to be due her. A referee was appointed, who heard the case and found that Christie was indebted to the plaintiff; and upon the report made, and on January 5, 1891, judgment was rendered in her favor for $11,732. On October 29, 1891, the present action was brought upon the bond of the surviving partner, in which she asked a recovery of the amount of the judgment together with interest thereon. In the answers filed by Christie and the sureties upon his bond it was alleged that the judgment mentioned was void in that the court rendering it had no jurisdiction; that the subject-matter of the action was of probate jurisdiction, and, as it was pending and undetermined in that court, the District Court could not properly take cognizance of it or render a judgment thereon.

At the trial the proceedings and judgment, including the execution with the return of *nulla bona*, were introduced in evidence by the plaintiff, and she having rested, the defendants demurred to the evidence, which demurrer was sustained by the Court. In sup-

port of that ruling it is argued that the judgment against Christie in the accounting case is void, for the reason that the estate was in process of settlement in the probate court, and that that court had exclusive jurisdiction to settle and close up the partnership estate. Probate courts are invested with jurisdiction over such estates, and may proceed to settle the same as in cases of ordinary administration. It is true, as contended, that when the probate court has acquired jurisdiction over an unsettled estate and that court can afford adequate relief, actions in other jurisdictions against the administrator will not be encouraged. It is a general rule, too, that in cases where two courts have concurrent jurisdiction the one that first takes cognizance of the case will retain it to the exclusion of the other. *Stratton v. McCandless*, 27 Kan. 306; *Proctor v. Dicklow*, ante, p. 119. The mere giving of jurisdiction, however, to one court does not show that it must be exercised exclusively by that court. The district courts are invested with full chancery and common law jurisdiction, and there being nothing in the act concerning the administration of estates which shows that the Legislature intended to confer exclusive jurisdiction on the probate court in suits against estates or to withhold it from the district court, the latter may exercise jurisdiction over estates and over heirs, executors and administrators whenever the special circumstances bring the case under some recognized head of equity, or when adequate relief cannot be obtained in the probate court. *Shoemaker v. Brown*, 10 Kan. 383; *Johnson v. Cain*, 15 id. 532. In *Anderson v. Beebe*, 22 Kan. 768, a controversy arose as to an unsettled estate, and an arbitration was had which was made a rule of the District

1. District court's equity jurisdiction.

Court. It was contended that as it was a matter arising in the settlement of an estate it could only be adjudicated in the probate court. It was held, however, that —

"If a controversy exists, *prima facie* the district court has jurisdiction of it. Controversies between a surviving partner and the administrator and heir of the deceased partner, perhaps not all, but certainly some and probably most of them, are cognizable in that court."

In *Klemp v. Winter*, 23 Kan. 699, it was decided that, while the probate courts of the State have general jurisdiction over the estates of minors, there was nothing to indicate the taking away or limiting the jurisdiction of the district court in that class of cases; and where a complete remedy cannot be obtained in the probate court a party may rightfully invoke the jurisdiction of the district court. It was also held that where there is a branch of the case which must necessarily be taken to the district court, that court will, for the purpose of avoiding a division of the subject-matter or a multiplicity of suits, take jurisdiction of the whole subject-matter and dispose of the same as justice and equity require. The jurisdiction of the district court in such matters is an equitable one, and in its exercise that court will be governed by the rules of equity; one of which is that as a general rule it will only take jurisdiction where the plaintiff has no other adequate remedy by ordinary legal proceedings in the tribunal especially provided by statute. *Kothman v. Markson*, 34 Kan. 542; *Gafford, Guardian, v. Dickinson, Adm'r*, 37 id. 287; *McLean v. Webster*, 45 id. 644. In the case *In re Hyde, Petitioner*, 47 Kan. 281, it was held "to be settled law in this state that, when certain facts exist, growing out of the liabilities of a deceased

person, or it may be arising out of the settlement of the estate of a deceased person, wherein the probate court, by reason of its limited jurisdiction and restricted authority, cannot protect and enforce the rights of all persons involved in the controversy, the equitable power of the district court may be invoked in their behalf."

The matter of taking an accounting comes within a recognized head of equity jurisdiction, and it is one in which a full measure of relief cannot always be obtained in the probate court.   Especially is this true where, as in this case, the accounting appears to involve matters outside of the partnership business. The probate court could not take cognizance of an individual liability from Christie to Carter, nor of transactions occurring between them prior to the commencement of the partnership ; and claims of this character are made.   The debts of the partnership appear to have been discharged and the estate appears to have been practically settled before the commencement of the accounting action, except as to the division of the assets between Christie and the administratrix.   It was in such a condition that all business matters of the late firm, as well as between its members and also between the surviving partner and M. A. Carter, the representative and sole heir of the deceased partner, could be determined.   It is conceded that all of these matters might be determined in a general accounting, and it was therefore proper for the plaintiff to apply to a court which had complete jurisdiction to dispose of the whole subject-matter in controversy between them.   The district court could take jurisdiction of all accounts against Christie and upon which he would be liable to M. A. Carter and dispose of them in a single case as justice

32—57 KAN.

and equity required. *Klemp v. Winter*, supra. And finally, when the case is ended, the District Court can render a judgment against Christie for any liability and enforce the same; a power the probate court is not authorized to exercise. We conclude, therefore, that the District Court was not without jurisdiction and that the judgment in question rendered by it is not a nullity.

It does not follow, however, that the judgment rendered will be conclusive against the sureties upon the bond of the surviving partner. The condition of the bond is that the surviving partner will use diligence and fidelity in closing up the partnership affairs, and further that he will account and pay over at the proper time to the administratrix the excess, if any there may be, beyond satisfying the partnership debts.

2. Liability of surety on surviving partner's bond. Under this condition the sureties would be liable for assets of the estate in his hands when the bond was executed. They cannot be held liable upon transactions not included within the partnership, nor upon the individual liabilities of its members outside of the partnership business. More than two years elapsed after the death of Carter before the bond of the surviving partner was given. A portion of that time M. A. Carter and Christie appear to have been co-administrators of the estate and to have united in the control of the property. If there was any waste during that time and prior to the giving of the bond, M. A. Carter may be responsible for the loss, and not be in a position to insist upon a payment of the amount of the loss either from the surviving partner or his sureties. *Insley v. Shire*, 54 Kan. 793. As Christie is liable upon the judgment, and as the sureties are responsible for at least a portion of the indebtedness in-

Railroad Co. v. Slattery.

cluded in the judgment, there was error in sustaining a demurrer to the plaintiff's evidence and in rendering a judgment against her.

The judgment of the District Court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.