ANDREW PALM v. EMMA POPONOE *et al.*

No. 11114.

1. PARTNERSHIP—*Action for Contribution.* An action by one partner or, after his death, by his representative or heirs, against a copartner for contribution cannot be maintained until after an accounting or settlement of the affairs of the firm has been had and a balance found due in favor of the partner asserting the claim his representative or heirs.

2. ———— *Allegation of Dissolution Construed.* An averment in an answer to the effect that the partnership had been dissolved more than five years previous to the date on which the plaintiffs alleged the partnership to have existed does not imply, or amount to, an admission that an accounting or settlement was had.

Error from Douglas district court; SAMUEL A. RIGGS, judge. Opinion filed March 11, 1899. Reversed.

STATEMENT.

THIS action was commenced in the district court of Douglas county on the 31st day of December, 1896. A demurrer to the original petition was filed by the defendant below, plaintiff in error here, upon the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained. Later, and on the 13th day of March, 1897, the plain-

tiff below filed an amended petition, in substance as follows :

On or about the 8th day of February, 1886, the defendant Andrew Palm and one John H. Wilder were partners doing business under the firm name and style of Wilder & Palm, in the county of Douglas and state of Kansas. As such partners each of them became jointly and severally indebted to one Luther Pease on a certain promissory note executed by said Andrew Palm and said John H. Wilder, and payable to said Luther Pease. On the 8th day of February, 1886, in the district court in and for the county of Douglas and state of Kansas, in a certain action wherein Edwin C. Watson, administrator of the estate of Luther Pease, deceased, was the plaintiff, and said John H. Wilder and Andrew Palm and other persons were defendants, a judgment was rendered against said Wilder & Palm upon the note mentioned for $8262.89 and costs. An order of sale was issued, commanding the sheriff to sell certain property of the partnership as the partnership property of John H. Wilder and Andrew Palm, and the sheriff sold said property for the sum of $5100, the costs of sale being $50.50. After crediting this amount on the judgment there remained due and owing from Wilder & Palm to Edwin C. Watson, administrator of the estate of Luther Pease, deceased, the sum of $3291.28, which sum bore interest from the date of sale at the rate of ten per cent. per annum. On the 26th day of March, 1887, an order was made reviving said judgment in the name of Horace C. Pease, who has ever since remained the owner of said judgment.

On the 26th day of September, 1889, John H. Wilder died, and J. E. Riggs was appointed administrator of his estate by the probate court of Douglas county, and took into his possession all the property and effects of the deceased. On the 27th day of May, 1890, an execution was issued out of the district court of Douglas county, directing the sheriff to recover the balance of said judgment out of the lands and tenements of said John H. Wilder, deceased, and said

Andrew Palm, which was returned August 8, 1890, "no property found." On the 4th day of November, 1889, said Horace C. Pease, the owner of said judgment, duly presented the same in the probate court for allowance against the estate of John H. Wilder, deceased, and the same was allowed and assigned to class 4 against the estate of said John H. Wilder, deceased, for the sum of $5564.16, which said judgment was adjudged to bear interest from said date at the rate of six per cent. per annum. Thereafter J. E. Riggs, administrator of said Wilder's estate, made his final settlement with said estate, and after paying the costs and charges of the administration was, on the 22d day of April, 1896, duly ordered by said probate court to pay to said Horace C. Pease, on his claim so as aforesaid allowed, the sum of $2213.58, which said sum was so paid, and on said date said administrator was duly discharged and his final report approved, the estate duly settled, and final distribution made thereof.

The said John H. Wilder, during his lifetime, was the owner of certain lands and tenements in the counties of Jackson and Lafayette, in the state of Missouri, and on or about the 1st day of January, 1890, the public administrator of Jackson county aforesaid was, by the order of the probate court of that county, duly appointed administrator of the estate of John H. Wilder, deceased, in and for the state of Missouri, and took into his possession and control, after qualifying, all the property, estate, lands and tenements of the said John H. Wilder, deceased, located in the state of Missouri. On the 8th day of April, 1896, the lands and tenements of John H. Wilder, deceased, were by said administrator sold at public auction, and the proceeds of the sale, amounting to $3667, were, by order of the probate court of Jackson county, Missouri, paid to said Horace C. Pease on his said claim. On the 7th day of November, 1896, the further sum of $926.12 of the assets of the estate of John H. Wilder, deceased, was, by the order of said probate court of Jackson county, Missouri, paid to said Horace C. Pease by

said administrator, and on the 17th day of November, 1896, the further sum of $756.07 was, by further order of said probate court, paid to said Horace C. Pease, the total amount so paid being $7562.77, which was more than one-half of the amount originally due from the partnership composed of John H. Wilder and Andrew Palm upon the judgment hereinbefore mentioned, with the accrued interest. The said Andrew Palm has paid no part of the said amount, but wholly failed and refused so to do. Thereafter, on the 15th day of February, 1897, the public administrator of Jackson county, Missouri, filed his final settlement in the probate court of said Jackson county, which was duly approved on the 19th day of February, 1897, said administrator duly discharged, and the estate fully settled and all the assets distributed to the various creditors of the said John H. Wilder, deceased. No other debts were due to any creditor from the estate of John H. Wilder, deceased, either in the state of Kansas or the state of Missouri.

Theretofore, and on the 5th day of October, 1889, E. A. Fisher was duly appointed by the probate court of Kiowa county, Kansas, guardian of Bessie Wilder, the minor child of John H. Wilder, deceased, and duly qualified as such, and the action is brought by him as the guardian and next-friend of Bessie Wilder. The said Emma Poponoe and Georgene Learnard are both children and heirs-at-law of said John H. Wilder, deceased, and are over the age of twenty-one. The said plaintiffs are the owners of and entitled to recover from said Andrew Palm one-half of the amount so paid out of the assets of John H. Wilder, deceased, to the said Horace C. Pease, but the said defendant, Andrew Palm, has wholly neglected and refused to pay his part of the judgment heretofore rendered against the partnership of Wilder & Palm, or any part thereof. Wherefore plaintiffs pray for judgment against the defendant for contribution, and that he be adjudged to pay to plaintiffs a sum equal to one-half of the amount so as aforesaid paid to the said Horace C. Pease, to wit, the sum of $3781.38, with interest

thereon from the 17th day of November, 1896, at the rate of six per cent. per annum, with costs.

A general demurrer was filed to this amended petition by the defendant Palm, which demurrer was overruled by the court. Thereupon the defendant below, Andrew Palm, answered the petition, that part of the answer necessary to be considered being as follows:  •

"Comes now the defendant above named, Andrew Palm, and for his answer to the amended petition of plaintiffs filed herein denies each, every and all material allegations therein contained, set out, and alleged.

"And for a further defense thereto defendant alleges and shows:

."1st. That the said defendant and the said John H. Wilder, deceased, were not partners as alleged in said plaintiffs' amended petition and had not been for a long time prior to the said time alleged; that the said partnership of Wilder & Palm had been dissolved by mutual agreement and consent of the parties thereto for more than five (5) years previous to the said date on which the plaintiffs allege said partnership existed; and that the said Wilder & Palm were not doing business under the firm name and style of Wilder & Palm at said time nor for a long time before in the said county of Douglas, Kansas, or anywhere else; that they did not become liable as partners on said promissory note to said Luther Pease in any way, sense, or manner, nor was said note signed by said Wilder & Palm as partners.

"2d. That the said property sold by the said sheriff of Douglas county, Kansas, was not the property of the said partnership of Wilder & Palm."

There was attached to this answer a verified denial of the partnership as alleged in said paragraph 1.

The plaintiffs below, for reply to the answer, denied all the allegations thereof. Thereafter, and on the 13th day of July, 1897, the case having been tried before

the court, a jury being waived, the court found generally in behalf of the plaintiffs below, finding that all the allegations of the amended petition were true, and rendered judgment for them against the defendant Andrew Palm for the sum of $3808.37.

*R. E. Melvin*, and *Benson & Smart*, for plaintiff in error.

*McHale & Learnard*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. :  There is but one question necessary to be considered in this case, and that is decisive of the rights of the parties.   There is no allegation in the petition of an accounting between John H. Wilder in his lifetime and Andrew Palm, his partner, or between the plaintiffs below and Andrew Palm.   The absence of such an accounting is an insuperable obstacle to a recovery by the plaintiffs below.

John H. Wilder, deceased, and Andrew Palm were partners.   The judgment rendered against them on February 8, 1886, in the district court of Douglas county, Kansas, in the suit of Edwin C. Watson, administrator of the estate of Luther Pease, deceased, was based upon a partnership debt.   As early as 1866 this court decided that where suit is brought by one partner against another, as for a balance upon an accounting, it is necessary that an actual balance shall have been struck, or the items so agreed upon that nothing is left to be done but the computation. (*Treadway v. Ryan and others*, 3 Kan. 437.)   Later, in the case of *Stone v. Boone*, 24 Kan. 337, the case of *Treadway v. Ryan* was followed.   In *O'Brien v. Smith*, 42 Kan. 49, 21 Pac. 784, relief was denied to a partner, after a dissolution of the firm but before

an accounting, who sued his copartners for services. These decisions of our own court are but the reiteration of an elementary and long-established principle. In *Sadler v. Nixon*, 5 Barn. & Ad. 936, decided by Lord Denman, it was held that where one of several partners in trade pays money on account of his copartners he cannot maintain an action against them for contribution on the ground that he made such payment not voluntarily but by compulsion of law.

Mr. Justice Story, in 1 Equity Jurisprudence, in a note to section 664, says: "There is no case in the English courts where any action at law, except an account, has been held to lie generally to settle partnership accounts, or for a contribution by one partner against the others, for money paid by him for the use of the partnership." In *Westerlo v. Evertson*, 1 Wend. 532, it was held that the rule above stated applied to a partnership between practicing attorneys, although the same was not a trading concern. So, in *Arnold v. Arnold et al.*, 90 N. Y. 580, it was decided that one member of a firm cannot recover from the representatives of a deceased copartner any portion of moneys received by the latter belonging to the former, unless upon an accounting or settlement of the affairs of the partnership a balance is found due to him. The reasons for the rule, with a collection of the authorities, are to be found in 2 Bates on Partnership, sections 849, 859, 881.

There may be cases where the transaction out of which the liability arises is independent of or outside of the partnership business, or where the partnership covers a single venture or but one transaction, so that no accounting is necessary. In such cases the rule is said to be different, but in a business involving a general partnership, and the allegations of the peti-

tion in this case indicate that the partnership covered a variety of transactions, we know of no exception to the rule stated. It will be noticed that the petition contains no averments as to the nature and amount of the indebtedness of this partnership ; and while it alleges that partnership property of Wilder & Palm was sold under execution and the proceeds applied in payment of the judgment, and after the death of John H. Wilder other property was sold by the order of the probate courts of Douglas county, Kansas, and Jackson county, Missouri, and the proceeds applied to the payment of the judgment, there is no statement or showing but that Andrew Palm, the other member of the partnership, paid out money on behalf of the firm to persons to whom the partnership might have been indebted. This shows the importance of the rule referred to and the necessity for an accounting ; for how could one partner know the state of account between the firm and the other partner when there has been no settlement of partnership business? And how unreasonable it would be to allow him or his representatives to maintain an action against the other for the proportion of what he paid without reference to the question as to what the other partner, defendant in the suit, might have paid? It might have appeared upon an accounting that Andrew Palm had paid debts for the firm of Wilder & Palm, and thereby decreased his liability to plaintiffs below, if he had paid less than the amount realized out of Wilder's property. Or he might have paid more towards the liquidation of the firm's liabilities than has been realized out of the property of John H. Wilder, deceased, in which case Wilder and his representatives would be liable to Palm. These matters could only be settled by an accounting, and when the balance was struck the party

in whose favor it was determined could then proceed in an action at law for its recovery.

Further, the petition assumes that the partnership was equal. This may or may not have been the case. This suit appears to have been tried upon the theory that, Wilder and Palm being partners, if Wilder has paid a debt, say for $1000, against the firm, without any accounting or settlement, he can sue Palm for $500 without any allegation or proof of the equality of the partnership or that an accounting had been had. The fallacy of this is self-evident.

It is contended by the defendants in error that paragraph 1 of the answer of defendant below, set forth in the statement of this case, healed the infirmities in the petition consequent on the failure to allege an accounting between the partners. It is claimed that, because the answer alleged that the partnership of Wilder & Palm had been dissolved by mutual consent for more than five years previous to the date on which the plaintiffs below alleged the partnership to have existed, this implies that an accounting had been had between the parties. We cannot agree to this proposition. The fact, as contended by counsel for defendants in error, that this answer alleges a dissolution of the copartnership and a suspension of business for more than five years prior to the time the judgment was rendered, may be admitted. Yet, this being true, it does not imply that an accounting had been had. In practice a dissolution almost always precedes an accounting. Partnership credits may be in process of collection, and other assets of the firm turned into money, before a satisfactory acounting between the partners can be had. The answer falls much short of containing an admission that an accounting had been had between the parties and the balance struck.

20—60 KAN.

The decision of this case rests upon an old established principle of the law of partnership which has prevailed unshaken for years, and which is based upon the soundest reason. The judgment of the court below will be reversed.