## J. M. BURLEY v. W. R. BROWN.

No. 14,569.   (85 Pac. 527.)

1. PARTNERSHIP—*Dissolution—Suit upon the Settlement—Petition.* A petition to recover an amount agreed upon alleged that upon the dissolution of a partnership there had been a full and final settlement of the "business." An objection to evidence because the petition did not allege a settlement of the partnership affairs was held to be trivial.

2. ——— *Firm Obligations.* Upon the final settlement of partnership affairs a sum was found to be due to plaintiff, which defendant agreed to pay. In a suit for the amount it was held that plaintiff need not prove that the firm debts had been paid, although the petition so alleged.

Error from Cherokee district court; WILLIAM B. GLASSE, judge. Opinion filed April 7, 1906. Affirmed.

*E. J. White,* and *S. C. Westcott,* for plaintiff in error.

*Sapp & Brown,* for defendant in error.

*Per Curiam:* Brown sued Burley, alleging in his petition that a partnership existed between them, which was dissolved by mutual consent on January 1, 1904; that in July, 1904, there had been a full and final accounting and settlement of the business, and in the settlement there was found to be due to Brown from Burley the sum of $852.36; that the debts of the partnership had all been paid; and that Burley refused to pay the amount agreed upon in the settlement. The answer was a general denial. Upon a trial before a jury plaintiff recovered a verdict and had judgment for the full amount, from which the defendant brings this proceeding in error.

It is urged that the court should have sustained an objection to the introduction of any testimony under the petition for the reason that the petition did not allege a settlement of the partnership affairs. This objection is trivial and depends upon whether the word "business" means affairs. The petition stated that they had a full and final accounting and settlement of their business up to a certain date. Plaintiff in error cites *Palm v. Poponoe,* 60 Kan. 297, 56 Pac. 480, which, however, upholds the theory upon which the petition was drawn. That case distinctly recognizes the well-settled rule that before an action can be maintained by one partner against another to recover as for a balance due upon an accounting there must have been an accounting or settlement and the amount due determined, which is just what the petition here alleged had been done.

The claim that the court should have sustained a demurrer to the evidence rests upon the contention that it was necessary for plaintiff to prove that there were no debts of the partnership outstanding. Plaintiff's evidence was silent as to this, although the petition alleged that the debts had been paid. As the

action here was based upon a settlement and agreement to pay, it was not necessary to establish the fact that the firm's debts had been paid. It was not an action for an accounting or a settlement of a partnership, but simply upon a contract to pay an amount agreed upon in a final settlement. The general denial raised no issues of fraud or mistake in the settlement, but merely denied the settlement.

We have examined the other errors complained of but find nothing substantial or prejudicial. The evidence clearly showed that these parties met day after day for months in a lawyer's office for the express purpose of arriving at a settlement of their affairs; that they had their papers and accounts with them, and frequently adjourned to meet and continue the attempt at a settlement; and there was the testimony of plaintiff, corroborated by other witnesses and circumstances, that a final settlement was agreed upon, and that defendant agreed to pay plaintiff the amount found to be due from him.

There was evidence sufficient to warrant the verdict and judgment. The judgment is affirmed.