No. 31,154.

FRANK B. BURRIS, *Appellant,* v. LORA S. BURRIS, as an Individual and as Executrix of the Estate of E. P. Burris, Deceased, *Appellee.*

(22 P. 2d 976.)

Opinion filed June 10, 1933.

*Hugo T. Wedell* and *T. R. Evans,* both of Chanute, for the appellant.

*John J. Jones, James A. Allen, B. M. Dunham,* all of Chanute, and *F. J. Leasure,* of El Dorado, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for an accounting. Judgment was for defendant. Plaintiff appeals.

The petition alleged that defendant Lora S. Burris was the sole heir under the law and the sole legatee and devisee of E. P. Burris, and that Lora Burris was the executrix of the estate of E. P. Burris. The petition further alleged that at the time of the death of E. P. Burris he and Frank Burris were partners on the basis that each was to share in the profits equally. The petition alleged that during the partnership E. P. Burris collected the sum of $31,505.59, which amount legally belonged to the partnership, and that he failed to account to the partnership for this amount with the exception of $1,000, which he paid to the firm; that at the time of his decease E. P. Burris was indebted to the firm in the amount of $30,505.59, which amount passed into the estate of E. P. Burris and for which his estate has refused to account.

The petition prayed for an accounting.

The defendant demurred to this petition on the ground that the court had no jurisdiction of the subject matter; that the petition did not state facts sufficient to constitute a cause of action; that the petition shows on its face that the cause of action is barred by the statute of limitations, and that the petition does not state facts

sufficient to constitute a cause of action because it showed on its face that the action was barred and could not be maintained by reason of R. S. 1931 Supp. 22-701, 22-702, 22-727 and 22-732. This demurrer was sustained generally as to both parties. This appeal is from that judgment.

The statutes provide a method of procedure for the liquidation of the affairs of a partnership where it has been dissolved by the death of one partner and a surviving partner desires to liquidate. The surviving partner is entitled to the possession of the partnership property, but he must give the bond required by the statute as to his management of the property. The probate court has jurisdiction to cite the surviving partner to account and to adjudicate upon such account as in the case of an ordinary administrator. Under the statute if the surviving partner fails to give bond, then the executor of the deceased partner has the right, upon giving bond, to the possession of the property and to wind up the estate. (See R. S. 22-401 to 22-408, inclusive.)

The petition in this case shows on its face that it is an action by a surviving partner who is apparently managing and winding up the affairs of the partnership. It does not disclose that the surviving partner has given the bond provided for in R. S. 22-402 or has subjected himself and the firm property to the jurisdiction of the probate court as the act contemplates. In the case of *Glass Co. v. Ludlum*, 8 Kan. 40, this court considered this question. The statute was the same then as it is now. The court said:

"Before a surviving partner can proceed to close up the partnership affairs he must give a bond. (Comp. Laws, p. 519, sec. 47; Gen. Stat. p. 437, sec. 33.) If he fails to give bond, the estate, not only of the decedent, but of the surviving partner, as far as the partnership is concerned, can be taken from his possession and given to the administrator upon his giving the requisite bond. (Comp. Laws, p. 520, secs. 49, 50; Gen. Stat. p. 437, secs. 35, 36.)" (p. 48.)

The court also dealt with this question in the case of *Shattuck v. Chandler*, 40 Kan. 516. The point in that case was the right of the surviving partner to give an assignment of the partnership estate. The surviving partner had attempted to make the assignment without complying with the statute. The court said:

"We think that the legislature by this provision intended to provide a trustee to close up the partnership upon the death of a member of the firm, and that the statute creates a trust in the surviving partner which he has no power to transfer to another except as it is transferred by his refusal to ad-

minister upon the partnership estate, in which event it is transferred by operation of law to the administrator of the deceased partner's estate." (p. 520.)

We think that under the plain terms of the statute the right to maintain an action with reference to the partnership property is circumscribed by the necessity that the surviving partner furnish bond and otherwise comply with the statute as is the right to possession and disposition of the partnership property. In order for a petition by a surviving partner to state a cause of action it should show that he has complied with the statute so as to give him the right to bring the action. This petition did not contain any such allegations. Therefore, the demurrer should have been sustained.

The judgment of the district court is affirmed.