## No. 32,045

Frank B. Burris, Sole Surviving Partner of Burris Brothers, *Appellee*, v. Lora S. Burris, as an Individual and as Executrix of the Estate of E. P. Burris, Deceased, *Appellants*.

(34 P. 2d 127.)

Opinion filed July 7, 1934.

*James A. Allen, B. M. Dunham, John J. Jones,* all of Chanute, and *F. J. Leasure,* of El Dorado, for the appellants.

*T. R. Evans* and *Hugo T. Wedell,* both of Chanute, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action for a partnership accounting brought by a surviving partner. Substantially the same relief was sought in *Burris v. Burris,* 137 Kan. 831, 22 P. 2d 976, in which plaintiff failed on account of his not having duly qualified as such surviving partner. The petition in that case was filed March 24, 1932, and after the above decision was handed down and on July 19, 1933, that case was dismissed without prejudice in the lower court, and within a year thereafter and on November 6, 1933, the present action was filed.

The amended petition alleges that Lora S. Burris is the sole heir at law and the sole legatee and devisee of E. P. Burris, who died testate on April 3, 1930, and on April 14, 1930, she was duly appointed and qualified as executrix of his estate. There is appropriate allegation of the partnership under oral agreement, its termination by death of the deceased testator, the qualification of the surviving partner although the date of qualification is not alleged, and that the assets of the partnership are ample to pay the liabilities of the partnership and of the members thereof. It is then alleged that the deceased member, E. P. Burris, during the continuance of the partnership collected large sums of money, which were partnership assets, which he failed to cover into the partnership, the exact amount of which plaintiff could not state, and that the deceased, E. P. Burris, and his successor in interest, Lora S. Burris, had the benefits, and that it was necessary an accounting be had to the end that partnership matters be settled, the debts of the firm paid and the accounts adjusted as between the members and successors in interest, and that there had never been any accounting between the partners touching the partnership.

Lora S. Burris, individually, and also as executrix, filed separate but identical answers, in which she admitted the death of E. P. Burris, testate, that she was sole legatee and devisee, and her appointment and qualification as executrix. In the second paragraphs of the answers defendants alleged the court had no jurisdiction of the subject of the action; in the third paragraphs the proceedings in the first action were fully set out and, on account thereof, it was alleged that all matters and things set forth in the amended petition had been fully and finally adjudicated; in the fourth paragraphs that the amended petition shows on its face that if any cause of action is

stated it is barred by the statute of limitations; in the fifth paragraphs that the amended petition does not state facts sufficient to constitute a cause of action and that if any cause of action is stated it is barred and cannot be maintained by reason of R. S. 1933 Supp. 22-701, 22-702, 22-727, 22-732 and R. S. 60-306, subdiv. 2; and in the sixth paragraphs that she never had in her possession or under her control any partnership assets, and that if there is any such, it is in the possession and control of the plaintiff. The seventh paragraphs of the answers are general denials, which include a denial that there was a partnership. To these answers plaintiff filed replies, which, while not identical, contain a denial of averments inconsistent with the amended petition, and a demurrer to the second, third, fourth, fifth and sixth paragraphs of defendants' answers. These demurrers were sustained as to all paragraphs noted except number six.

From these rulings the defendants appeal, the specifications of error being that the court erred in not carrying the demurrers back to plaintiff's petition and sustaining them as to that petition, and in sustaining the separate demurrers to the two answers of the defendants. It has been observed that the second paragraphs of the answers are in substance demurrers that the court has no jurisdiction of the subject of the action, the fourth paragraphs are in substance demurrers on the ground that the petition shows on its face that the action is barred, and the fifth paragraph of both answers is a demurrer to the plaintiff's amended petition on the ground that it fails to state facts sufficient to constitute a cause of action, or, if one is stated, that it is barred by the statutes of nonclaim specifically referred to and the general statute of limitations. The plaintiff's reply demurred to these particular paragraphs.

For convenience, the parties to this appeal will be referred to as plaintiff and defendant. Plaintiff objects to a consideration of the demurrer as searching the whole record for the reason that it was not so presented to the trial court. The general rule is that a demurrer opens the whole record so that judgment must be rendered against the first party whose pleadings are defective (*Rohrbaugh v. Cunningham,* 101 Kan. 284, 287, 166 Pac. 471; 49 C. J. 443; 21 R. C. L. 530). As both sets of demurrers touch the question of the court's jurisdiction, whether the petition states a cause of action and, if so, whether that cause is barred either by the general statute of

limitations or by the statutes of nonclaim, we shall review the entire record.

The first question for consideration is whether the district court had jurisdiction. It makes little difference what a plaintiff may say that the nature of his action is—the real test is to determine what he seeks to do or what relief he is attempting to have given him. While the allegations of the petition have heretofore been generally set out, they may be here reviewed to this extent: Plaintiff alleges the death of E. P. Burris, testate, and the qualification of the executrix of his estate; that E. P. Burris, the plaintiff herein, and another brother entered into an oral partnership arrangement in 1903 from which the other brother retired in 1912, the partnership being thereafter continued by plaintiff and E. P. Burris until the death of the latter on April 3, 1930; that the plaintiff is the sole surviving partner, and is managing, liquidating and closing the affairs of the partnership as fast as the nature and character of the business will permit; that he has filed his bond as such surviving partner in the probate court; that the assets of the partnership are ample to pay all the obligations of the partnership as well as the liabilities of the members of the firm to the partnership; that the deceased member, E. P. Burris, collected large sums of money which belonged to the partnership and for which he failed to account, the exact amount of which plaintiff cannot state, and that to ascertain and determine such amount, as well as the interest and liabilities of each of the members, an accounting will be necessary and expedient, and that there has never been an accounting between the partners touching said partnership. While certain allegations of this petition might well have been more definite and certain, the defendant, without filing any motion, filed her answer containing the demurrers heretofore referred to. Under such circumstances the allegations of the petition must be construed favorably to the plaintiff. As we construe the petition, it seeks to compel the estate of E. P. Burris, deceased, to account to the surviving partner for the business of a partnership which terminated at his death and which the surviving partner has since been administering.

Defendant's contention that the district court does not have jurisdiction of such an action cannot be approved. In *Carr v. Catlin*, 13 Kan. 393, 404, in which the opinion was written by Brewer, J., the question before the court was whether an action on a bond, given in connection with administration of a partnership estate, could be

maintained in the district court without proof of the allowance of the claim in the probate court, or of any settlement in the probate court by the administrator of the partnership estate. The jurisdiction of the probate court and of the district court with respect to partnership estates was thoroughly considered, it being pointed out that the provisions of the statute with reference to decedent's estates, especially with reference to the presentation of claims, pertain to the estates of deceased persons, and that the provisions with respect to partnership estates do not give the probate court power to classify demands against a partnership. Attention was also directed to the provision of the statute that if the surviving partner undertook administration of the partnership estate, he should give bond, and that if he did not, then the administrator of the decedent, upon giving an additional bond, should be entitled to the possession of the partnership property to be dealt with not as the other property of the estate, but according to the provision of the statute with respect thereto, especial attention being directed to the provision of the statute that the surviving partner or administrator "shall, with the partnership property, pay the debts due from the late firm with as much expedition as possible, and return or pay to the surviving partner his proportion of the excess, if there be any." (G. S. 1868, ch. 37, § 35; R. S. 22-405.) The question was answered in the affirmative—that the district court had jurisdiction to hear the cause.

The question of the jurisdiction of the district court in partnership estates was also considered in *Carter v. Christie,* 57 Kan. 492, 46 Pac. 964. The action was upon a bond given by the surviving partner. The firm was engaged in banking until July 8, 1887, when Carter died intestate. His widow and Christie acted as coadministrators. Christie resigned, and the widow became sole administratrix. The business was carried on until September, 1889, when the administratrix caused citation to issue to compel Christie to give bond as surviving partner, which he did in September, 1889. In December of that year the administratrix brought an action against the surviving partner for an accounting. One of the defenses was that the court was without jurisdiction and that the subject matter was of probate jurisdiction and that as it was pending and undetermined in that court, the district court could not properly take cognizance of it or render a judgment thereon. The first paragraph of the syllabus recites:

"In case of a partnership estate where the surviving partner has been cited before the probate court and has given a bond and undertaken the management and settlement of the partnership estate, and where the debts of the partnership have been paid and the estate practically settled, except to make an accounting and to divide the assets between the surviving partner and the sole heir of the deceased partner, the district court has jurisdiction in an action for accounting between them, although the matter is pending in the probate court and no final settlement of the estate has been made therein." (Syl. ¶ 1.)

And in the opinion it was said:

"The matter of taking an accounting comes within a recognized head of equity jurisdiction, and it is one in which a full measure of relief cannot always be obtained in the probate court." (p. 497.)

The contention of the defendant that the court was without jurisdiction of the subject matter of the action is not good.

Although one of the questions raised by the demurrers is whether or not the petition states facts sufficient to constitute a cause of action, the matter is not argued at any length in the briefs. We have observed heretofore that possibly the petition was subject to motion, but giving it such construction as it is entitled to receive when attacked by a demurrer, we find that it is sufficient.

Was the cause of action barred by the general statute of limitations? This question presents some difficulty largely because neither party observed the requirements of the statute with reference to partnership estates until about the time the present action was begun. Under R. S. 22-401 it is provided that the executrix shall separately inventory the partnership estate and cause the same to be appraised, and that the property thus appraised shall remain with the executrix or be delivered over to the surviving partner who may be disposed to undertake the management thereof, according to the conditions of the prescribed bond, and that if the surviving partner having been cited for that purpose shall neglect or refuse to give the bond required, the executrix, upon giving the required bond, shall take the entire partnership estate into her possession, pay the debts with as much expedition as possible and return or pay to the surviving partner his proportion of the excess, if any. So far as the petition shows, the property was never separately inventoried, the surviving partner was never cited, did not refuse to qualify, and the executrix did not give bond to administer the partnership estate. In a previous action the surviving partner, without having qualified as such, attempted to procure an accounting. After that first action was decided adversely to him, he qualified as surviving partner and

filed this action. Under the allegations of his petition, he has been managing, liquidating and closing the affairs of the partnership, and under paragraph 6 of defendant's answer, to which plaintiff's demurrer was also lodged, she denies that she ever had in her possession or under her control any property, if any there is, in connection with any partnership, if any there was, of which the deceased, E. P. Burris, was a partner. We are not concerned with the denial of partnership, for defendant's demurrer admits that there was a partnership. It also admits that plaintiff had been and is managing, liquidating and closing the affairs of the partnership: In 47 C. J. 1100 it is said:

"A surviving partner who has undertaken the liquidation of a partnership must completely settle the partnership affairs before he has any cause of action against the estate of his deceased partner for contribution or for an apparent balance in his favor, and it has been held that a surviving partner cannot recover from the representatives of a deceased partner any portion of moneys received by the latter where there has not been an accounting or settlement of the affairs of the partnership and a balance found due him thereon."

See, also, 47 C. J. 1207 *et seq.*, where the rule is stated:

"It is well settled that the statute of limitations will run against the commencement of an action in equity for an accounting and settlement between partners or their representatives. The decisions, however, are not entirely uniform as to the applicability of particular provisions of local statutes. The general rule that the statute of limitations begins to run from the time when a complete cause of action accrues, applies to suits for partnership accounting, so that in each case the statutory period is to be computed from the time when the cause of action set forth in the complaint matured, and until such maturity of the cause of action the statute does not begin to run. . . . It has been considered in a number of cases that the statutory period begins to run immediately upon dissolution, unless there is some agreement, express or implied, fixing a later date for an accounting, or the circumstances render an accounting at the time of dissolution impracticable. But it has also been held that the statutory period does not begin to run until the last item of debit or credit, or other like partnership transaction, on account between the partners, has occurred, or until the partnership affairs have been settled and a balance struck. It has also been held that the statute begins to run after the lapse of a reasonable time for settlement, and that it begins to run as soon as one partner disputes the claim of the other or holds assets adversely to him. Another view is that the statute of limitations begins to run against a cause of action for a partnership accounting when the partnership business is closed, unless the business is unsettled at that time, and in case there are unsettled accounts the statute begins to run from the time when they are disposed of."

In 20 R. C. L. 1016 it is said:

"The right to have an accounting may be lost by the operation of the statute of limitations. No hard and fast rule can be laid down as to the time from which the statute of limitations runs, and it cannot be asserted that the statute commences to run immediately on the dissolution of a partnership, irrespective of the particular case. It may begin to run from the time that nothing remains to be done except to settle the affairs of the partnership, or from the date when it was the duty of the accounting partner to have the firm in a condition for its complete settlement. On the other hand a cause of action against a liquidating partner for an accounting is not necessarily postponed until the complete and final ending of the partnership business. Such a cause of action accrues after the liquidating partner, under the circumstances of each particular case, has had a reasonable time within which to perform his duty and has failed to complete the accounting; but it may not begin to run so long as such partner acts under the trust relationship and does not repudiate it. The mere lapse of time, apart from the statute of limitations, may give rise to a presumption that the accounts have been adjusted and settled, and therefore unreasonable delay or laches is sufficient to destroy the right to an accounting."

In *Palm v. Poponoe*, 60 Kan. 297, 56 Pac. 480, it was held:

"An action by one partner or, after his death, by his representative or heirs, against a copartner for contribution cannot be maintained until after an accounting or settlement of the affairs of the firm has been had and a balance found due in favor of the partner asserting the claim his representative or heirs.

"An averment in an answer to the effect that the partnership had been dissolved more than five years previous to the date on which the plaintiffs alleged the partnership to have existed does not imply, or amount to, an admission that an accounting or settlement was had." (Syl. ¶¶ 1, 2.)

And see the cases cited in the opinion.

The matter received the attention of this court in *Finley v. Gilmore*, 107 Kan. 349, 191 Pac. 256. The plaintiff and one Lawless entered into a partnership arrangement in 1907, and in March, 1911, agreed to discontinue the business, the goods, notes and accounts being turned over to plaintiff, who was to liquidate the business, pay the accounts due, collect the accounts and notes receivable, after which the partner should make a final settlement. It was not until 1916 that the business was finally wound up, when it became apparent that Lawless was indebted to the plaintiff. Lawless had died in February, 1914. No administrator was appointed for his estate until December, 1917, and thereafter plaintiff filed his claim, which was rejected by the probate court on the ground that no cause of action was stated and that it was barred

by the statute of limitations. In disposing of the latter proposition the court said:

"What about the statute of limitations? The law is thoroughly established that when a business partnership is discontinued and its affairs are turned over to a liquidator for the purpose of being wound up, a final settlement between the partners cannot be made, whether for division of proceeds or for determination of their proportionate liabilities, until the partnership assets have been sold, the credits collected, and the debts paid.

"Taking plaintiff's petition as true, as at present we are bound to do, the long delay in winding up the business was caused by the uncertainty surrounding the extent of the liabilities to wholesalers, and the series of crop failures in that locality which delayed the collection of outstanding notes and accounts. Notwithstanding these delays, if the final determination of the status of affairs in 1916 had disclosed a surplus in the hands of the liquidating partner, Lawless or Lawless' estate would have an absolute right to share in that surplus. Moreover, if there had been no assets in Lawless' estate to make it worth while to have an administrator appointed until such surplus was disclosed in 1916, the right of the Lawless heirs to have an administrator appointed to sue for a share of that surplus could not have been denied. In this case an earlier appointment of an administrator would have served no purpose. There would have been nothing for an administrator to do. He would merely have had to wait until the liquidating partner had accomplished the task of winding up the business. The fact that the contract was not in writing does not affect it. It was the circumstances and not the terms of the contract that delayed its performance for more than a year. (*Henshaw v. Smith,* 102 Kan. 599, 602, 603, 171 Pac. 616; *Dubbs v. Haworth,* 102 Kan. 603, 607, 171 Pac. 624.)"

And see the cases and authorities mentioned in that opinion.

While it is true that in the absence of an agreement to the contrary, every partnership is dissolved by death of one of the partners (20 R. C. L. 989; 47 C. J. 1111; and see, also, *Implement Co. v. Keyser,* 99 Kan. 8, 161 Pac. 592), that did not mean that either the surviving partner or the administrator or executor, as the case might be, did not have a reasonable time in which to collect the assets due to the partnership, pay the claims against the partnership and get the partnership estate in such condition that it might be determined what the respective rights of the deceased partner and the surviving partner were. In view of the fact that the executrix did not have the surviving partner cited either to give or refuse to give bond as surviving partner, nor did she herself give bond to administer the partnership estate, although, in the meantime, the surviving partner did actually look after the administration thereof, which is not yet completed, how can it be said that the statute of limitations has run against either one of them?

The defendants, in support of their contention that the statute of limitations has run, cite *Brooks v. Campbell*, 97 Kan. 208, 155 Pac. 41, Ann. Cas. 1918D 1105, which holds that there is an implied obligation between general partners that on the termination of the partnership they will account to each other and settle and pay any balances due among themselves, and that to bring about such accounting and settlement a cause of action will lie. That holding must be read in connection with the facts of the case. There the petition alleged that the partnership business was closed in April, 1908, and the action for an accounting was not begun until September, 1913. The same case holds that if there were unsettled accounts the statute would not begin to run until they were disposed of. The defendants also rely upon *Bauserman v. Charlott*, 46 Kan. 480, 26 Pac. 1051, which holds that a creditor of a decedent cannot postpone appointment of an administrator for months and years and then recover upon his claim. That case has strictly to do with claims against deceased persons and as to what is a reasonable time in which a creditor may wait for the next of kin to proceed before asking for the appointment of an administrator. A surviving partner might delay to such an extent that this court would say he had slept on his rights and his cause of action for an accounting was barred by his laches, but the allegations of the petition here, and they are the basis for our judgment, are that the settlement of the partnership estate had been proceeding and that the administration had not been completed. Under such circumstances the statute of limitations had not run on the action for an accounting.

With reference to the statute of nonclaim, not much need be said. The provisions of the nonclaim statute do not apply to partnership estates. Where the surviving partner gives bond, that bond provides he shall use diligence and fidelity in closing the estate, apply the property toward payment of the partnership debts, render an account, and "pay over within two years, unless a longer time be allowed by the probate court, to the executor or administrator, the excess, if any there be beyond satisfying the partnership debts," etc. Where the surviving partner refuses to give bond, the bond the executor or administrator then gives requires he shall "pay the debts due from the late firm with as much expedition as possible, and return or pay to the surviving partner his proportion of the excess, if there be any." It is obvious that in collecting the assets and paying the liabilities the legislature did not intend that claims

be allowed or that settlements be made within the times and manner provided in other parts of the statute with reference to administration of decedent's estate. (See, also, *Carr v. Catlin*, supra.)

Our attention is directed to the decision in *Forrester v. Falkenstien*, 129 Kan. 485, 283 Pac. 623, wherein it was held that the provisions of the nonclaim statutes apply to actions brought against administrators in the district court as well as in the probate court. That case involved a note executed by the decedent, it was for the establishment of a claim against the decedent, no matter of partnership was involved, and the case is not in point here. The statutes of nonclaim have strictly to do with the establishment of demands against the estates of deceased persons. It was held in *Carr v. Catlin*, supra, and in *Clark v. Moffett*, 136 Kan. 711, 719, 18 P. 2d 555, that the statute of nonclaim is not available to one of the parties to bar an appropriate accounting of a partnership before the amount due as between the parties is ascertained.

The plaintiff's demurrer also went to the sufficiency of the plea of *res adjudicata*. Plaintiff does not present any argument with respect to this matter, and though it might well be considered abandoned, it will be noticed briefly. The plea is based on the fact that a demurrer was sustained to the first petition filed, which petition did not allege the surviving partner had qualified as such by giving the bond required by R. S. 22-402. The lower court sustained generally a demurrer alleging the court had no jurisdiction of the action; that the petition did not state facts sufficient to constitute a cause of action, and that the cause of action was barred by the statute of limitations and the nonclaim statutes. In the lower court no judgment was rendered other than to sustain the demurrer. On appeal this court affirmed that judgment on the sole ground that the petition did not state a cause of action because plaintiff had not alleged his qualification as surviving partner, the other grounds of the demurrer not being considered. Thereafter the plaintiff dismissed his suit without prejudice and within an appropriate time filed the present action. Under the decision in *Penquite v. General Accident & Life Ass'n*, 126 Kan. 511, 268 Pac. 851, and authorities cited therein, where a demurrer is sustained for want of a material allegation, it will not prevent a subsequent judgment in the same cause or the maintenance of a new suit on the same cause of action, the material amendment being supplied either in an amended petition or in the newly filed petition.

In discussing the questions raised in this appeal, we have been confined to the story as told by the pleadings, and have made no reference to matters referred to in the briefs, but *dehors* the record, it may develop on the trial of this cause that the facts are such that any cause of action for accounting or otherwise is barred by the statute of limitations.

From what has been said it follows that the demurrers, included in the defendant's answers and directed against the plaintiff's petition, were not well taken, and had they been timely presented they would have been overruled. As to the plea of *res adjudicata,* it has been shown that it was not good and presented no defense. It further follows that the effect of the trial court's ruling on the demurrers contained in plaintiff's reply was to hold the court had jurisdiction of the action and that the petition in the instant case stated a cause of action not barred by the statute of limitations or nonclaim, and that the cause of action alleged was not finally adjudicated by reason of the ruling on the demurrer to the first action filed.

The ruling of the lower court on the demurrer mentioned is affirmed.