### W. H. SUTPHEN v. O. H. SUTPHEN.

1. HOMESTEAD LAW; *Void Contract.* S. being in possession of eighty acres of land under the provisions of the United States homestead law, and before he had perfected his title thereto, made a parol contract for its sale. *Held,* That such contract was in contravention of the homestead law, and void. (*Mellison v. Allen*, ante, p. 382.)

2. DEED, *Presumed to be Based on New Contract.* But where, after making such a contract, and after perfecting his title, he executed a deed to the purchaser without any further stipulation as to time and terms of payment, *held*, that such conveyance passed a good title, and would be presumed in law to be founded upon a new contract entered into at the time of the conveyance, and conditioned as to time and terms of payment in accordance with the provisions of the contract originally entered into between the parties.

3. PAROL AGREEMENT, *Not Adjudged Void.* A parol agreement which fairly and reasonably interpreted admits of full performance within the year, although not likely to be so performed, will not be adjudged void by reason of the last prohibition in § 6 of the statute of frauds and perjuries.

4. AGREEMENT, *Deemed Capable of Execution Within a Year.* An agreement to pay $650 as soon as it can be earned off from a tract of eighty acres over and above the amount necessary to support the family of the promissor, cannot be pronounced as matter of law reasonably incapable of full performance within a year, when the number in the promissor's family is not shown, nor the amount of improvements and conveniences for farming on the premises, nor the quality of the soil, nor the condition of the farm other than that at the time about forty acres were broken, nor the distance from market, nor any other fact from which the probable earnings from such a farm can be determined.

*Error from Dickinson District Court.*

ACTION brought by *W. H. Sutphen* against *O. H. Sutphen,* to recover $450, the unpaid part of the price of eighty acres of land sold and conveyed by plaintiff to defendant. Trial at the October Term, 1882, of the district court, and judgment for defendant. The plaintiff brings the case here. The opinion states the facts.

*John H. Mahan,* and *Culbertson & Mead,* for plaintiff in error.

*Southworth & Moore,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, plaintiff below, brought his action to recover $450, the unpaid portion of the price of a tract of eighty acres sold and conveyed by him to defendant. The case was tried before a jury. Verdict and judgment were in favor of defendant, and plaintiff alleges error. As the testimony was conflicting, and as the jury found in favor of defendant, we must assume the facts to be as stated by him. Plaintiff and defendant are father and son. The father had been living on the land, intending to acquire title under the provisions of the United States homestead law. He owed his son $200. In the spring of 1879, he, by a parol contract, sold the land to defendant for $850 — $200 being paid in the discharge of the above debt, and the remainder to be paid by the son as soon as he could earn it off the land, over and above what he would need for the support of his family. The son then moved upon the place and commenced farming it. At this time about forty acres were broken. In January, 1880, the father, having perfected his title, conveyed the land by warranty deed to his son, who at that time paid $200 cash. Since then he has paid $30 more. At the time of conveyance no new arrangement was made between the parties. Nothing was said or done from which any different understanding or agreement could be implied. Evi-

dently the deed was made on the supposition that the original contract was binding, and with the intent to carry it into execution. The number of the members of defendant's family is not shown, nor anything concerning the situation, quality, condition or improvements of the farm, other than the fact that about forty acres were broken.

Plaintiff contends that the original contract was void because in contravention of the homestead law; that the agreement respecting time and terms of payment is also void, because in conflict with the sixth section of the statute of frauds and perjuries, and that the price of the land being admitted, the delivery and acceptance of the deed created an implied promise to pay at once.

Upon this, we remark that doubtless the original contract made before the plaintiff had perfected his title to the land was void. (*Mellison v. Allen*, ante, p. 382.) But when the deed was made, the father had a right to convey, and he could not disaffirm the conveyance on the ground of any invalidity in the prior contract. And while that prior contract was at the time it was made, illegal and void, such invalidity arose not from any moral taint in the transaction — nothing which made it inherently and essentially vicious, but alone from a temporary inhibition. When that inhibition ceased, there was nothing to prevent the parties from carrying the agreement into effect. And when without further stipulation or new arrangement the father executed a conveyance to the son, the fair interpretation is that it was in execution of that prior contract, that it was a present affirmation of its validity, a new contract so to speak, a sale upon the time and terms theretofore agreed upon. (Browne on the Statute of Frauds, § 126.)

We remark again that a contract will not be adjudged void by reason of the last prohibition in § 6 of the statute of frauds and perjuries, unless it affirmatively appears that, fairly and reasonably interpreted, it does not admit of performance within the year. The fact that very likely performance will require more than a year, or that performance is not com-

pleted within the year, does not invalidate it. Unless the court, looking at the contract in view of the surroundings, can say that in no reasonable probability can such agreement be performed within the year, it is its duty to uphold the contract. The presumptions are all in favor of validity. (Browne on the Statute of Frauds, §§ 273 and 280; *Larimer v. Kelly*, 10 Kas. 298; *Stout v. Ennis*, 28 id. 706.)

We shall not stop to inquire whether, when the contract has been fully executed on one side, the statute, so far as regards performance within the year on the other side, has any application. Upon this question the authorities are divided. (Browne on the Statute of Frauds, ch. 13, and .cases cited ; *McClellan v. Sandford*, 26 Wis. 609 ; *Jilson v. Gilbert*, 26 id. 637.) For we think that it cannot be affirmed that performance within the year can be adjudged reasonably impossible. That many a farmer on less than eighty acres makes, over and above all family expenses, $650 and more, is a matter of common knowledge. Of course, many things affect the probable or possible earnings: the number to be supported, the quality of the soil, the conveniences for farming, the proximity of the market, and many other matters. Upon all these the testimony is silent. We may not presume facts to overthrow the agreement; whatever is not shown will be presumed to support and uphold its validity ; and in the meagerness of the record, we cannot say that the contract is shown to be in conflict with the statute.

There being nothing else requiring notice, the judgment will be affirmed.

We may add that it appears, that since the commencement of this action, defendant has sold the land, and thereby disabled himself from complying with the conditions and limitations of payment, and is therefore now liable for the unpaid purchase-money. (*Dill v. Pope*, 29 Kas. 289.) Of course the judgment in this action will be no bar to a subsequent action, for it is based solely upon the proposition that the claim is not yet due.

All the Justices concurring.