S. C. AIKEN, as Administrator of the estate of Elmira A. Aiken, deceased, v. EMMA C. NOGLE.

1. AGREEMENT—Statute of Frauds. An agreement to render services as a servant girl for another for $100 per year, the services to commence at the date of such agreement, is not within the statute of frauds, (§ 6, ch. 43, ¶ 3166, Gen. Stat. of 1889,) as the agreement might have been performed within one year.

2. ——— Payment for Services. Where services have been actually rendered to another under a verbal agreement, not binding upon the parties on account of the provision of § 6, ch. 43, requiring the agreement to be in writing if not to be performed within one year, the party benefited thereby may be compelled to pay for the same.

Error from Wabaunsee District Court.

THIS was an action commenced by Emma C. Nogle against Mrs. Elmira A. Aiken, formerly Mrs. Elmira A. Giles, to recover $658.35, and interest thereon, for wages as a servant. The petition alleges that the wages were due upon a verbal contract made between the parties about July 1, 1881; that by the terms of the verbal contract the defendant promised to pay to the plaintiff $100 per year for each and every year she worked for her as a servant, and that the plaintiff worked for the defendant from about July 1, 1881, to February 6, 1888. The action was tried before the court with a jury at the June term, 1888, and the jury returned a verdict in favor of the

plaintiff against Mrs. Aiken, for $256.31.   The court over-
ruled the motion by the defendant for a new trial, and rendered
judgment in favor of the plaintiff below upon the verdict of
the jury.   After the case was brought here by proceedings in
error, Mrs. Aiken died, and the action was revived in this
court in the name of her administrator, *S. C. Aiken.*

*John T. Bradley,* and *G. N. Elliott,* for plaintiff in error.
*J. F. Peffer,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The principal objections to the judgment
are, that the contract between Emma Nogle and Mrs. Aiken,
formerly Mrs. Giles, was verbal only, and therefore void
under the statute of frauds, because it was not to be performed
within the space of one year from the making thereof; (§ 6,
ch. 43, relating to frauds and perjuries;) and because the
cause of action was barred long before it was commenced.
The statute of frauds cannot avail in this case.   The evidence
shows that the verbal contract was made about July 23, 1881,
after Emma Nogle became of age.   She entered upon her
performance of the contract at once, and therefore the contract
for the first year was good, notwithstanding the statute, on
the ground that performance was not only possible, but was
actually completed within the year.   If the contract could
not, by reason of the statute of frauds, extend into the second
year, the jury had the right to determine what was the under-
standing with which the parties entered upon the second and
other years of employment.   If Mrs. Aiken agreed to pay
her servant $100 a year, commencing July 23, 1881, this was
competent evidence from which to infer under what terms the
parties continued their relations after that time until Emma
ceased to work as a servant.   The agreement between Emma
Nogle and Mrs. Aiken may be construed as running for one
year's service only, although it might have been, and really

7 — 47 KAS.

was, continued for several years upon like terms. In *Sutphen. v. Sutphen*, 30 Kas. 510, it was decided that—

"A parol agreement which, fairly and reasonably interpreted, admits of full performance within the year, although not likely to be so performed, will not be adjudged void by reason of the last prohibition in § 6 of the statute of frauds and perjuries."

The established doctrine is that, to bring a case within the section of the statute of frauds referred to, there must be an express and specific agreement not to be performed within the space of one year, or the facts must show the agreement cannot be performed within the year. (*Kent v. Kent*, 62 N. Y. 560.)

But, again, the contract has been fully executed upon the part of Emma Nogle. She performed her services as a servant, without objection, from the 23d of July, 1881, to February 6, 1888. She was paid from time to time in clothing, and, when she finally quit service, she received and accepted further payments in dishes, bedding, etc. The balance of the wages found by the jury has never been paid. Where services have been rendered, the party benefited thereby must pay for them. There may be some differences in the form of the action, and perhaps the allegations in the original petition in this case may be subject to some criticism, but the facts developed upon the trial on the part of the plaintiff below fully sustain the verdict of the jury and the judgment rendered thereon. The statute of frauds cannot, and ought not to be, construed to permit palpable frauds. When one who need not have done the services because the promise was verbal has voluntarily performed the agreement for the actual benefit of the other party, he or she may have an action against the other for the services actually performed. Common honesty requires and compels such a ruling.

The statute of limitations has no application, because of the payments made and accepted from time to time in clothing, bedding, dishes, etc. (*Carney v. Havens*, 23 Kas. 82; *Waffle*

*v. Short,* 25 id. 503.)   The other errors alleged are unimportant, and in no way prejudicial.

The judgment of the district court will be affirmed.

All the Justices concurring.