ELISHA P. REYNOLDS, JR., v. FIRST NATIONAL BANK OF WYMORE.

FILED NOVEMBER 7, 1901.   No. 10,308.

1. **Ultra Vires:** QUÆRE. Whether the contract pleaded in the petition is *ultra vires* as to the defendant bank, *quære.*

2. **Statute of Frauds.** Any agreement which by its terms is not to be performed within one year from the making thereof is void, unless the same or a memorandum thereof be in writing, and subscribed by the party to be charged thereby. Compiled Statutes, 1901, ch. 32, sec. 8.

——. Such a contract, to be void, must be one that by its terms is not to be performed within one year from the making thereof. The statute does not refer to such contracts as may possibly or probably not be performed within that time. *Powder River Live-Stock Co. v. Lamb*, 38 Nebr., 339.

4. ——. When by specific terms of the contract, or where it appears that it was not the intention of the parties that it should be performed within one year from the time of its making, the contract comes within the provisions of the statute and is void.

5. ——.  The contract pleaded in plaintiff's petition *held* to come within the operation of the statute, and is therefore unenforceable.

ERROR from the district court for Gage county.  Tried below before LETTON, J.  *Affirmed.*

*Hazlett & Jack,* for plaintiff in error.

*Griggs, Rinaker & Bibb* and *A. D. McCandless, contra.*

HOLCOMB, J.

From a ruling of the trial court sustaining a demurrer to the amended petition of the plaintiff and entry of judgment of dismissal of this action, he prosecutes error proceedings in this court.  The petition of the plaintiff, so far as it is necessary to refer in the consideration of the points presented to us for decision, alleges in substance, omitting legal verbiage, that one Dolan was seeking to engage in the retail liquor business, and being largely indebted to the defendant bank it was desirous of helping him to engage in such business in order that he might have a good and profitable business and thereby be enabled to make money and pay off his indebtedness to said bank; that for the reason mentioned the bank assisted Dolan to obtain a bond in order that he might obtain a liquor license, which was necessary in order to engage in the retail liquor business; and that on or about April 10, 1890, the said bank, by its managing officer, requested and procured the plaintiff to sign the said liquor bond, representing to him that Dolan was largely indebted to the bank and was to assume large indebtedness to it and that it was to the interest of the bank to help Dolan procure a license and to help him obtain a bond in order that he might conduct the business, make money, and pay off the indebtedness which he was owing the bank, and that the bank at that time, by its managing officer, verbally promised the plaintiff and orally agreed with him that if he would sign the said liquor bond with the said Dolan, the bank would

hold him harmless by reason of said signing, and then and there undertook to the said plaintiff to hold him harmless by reason of the signing by the plaintiff of the bond of the said Dolan; that said request and agreement was made by the bank in the usual course of business and as a means of collecting a debt owing it by Dolan which it would otherwise have been unable to collect, and said agreement and promise was a direct promise to pay plaintiff, unconditionally, whatever moneys plaintiff should be compelled to pay and expend by reason of signing said bond, and was made on the bank's own behalf; that by reason of the said agreement the plaintiff signed the said liquor bond, which was filed and approved on or about the 12th day of April, 1890, and a liquor license was thereupon issued to the said Dolan to conduct a retail liquor business for the period of one year, and that he made payments from moneys realized from said business to the bank upon the said debt owing by him to it as aforesaid; that in August, 1891, suit was instituted for damages against the said Dolan and the sureties on his bond; and that the plaintiff was compelled to and did incur and expend for traveling and incidental expenses, court costs and attorneys' fees in and about the litigation, and in defending against the same, the sum sued for, which, it is alleged, by reason of the contract mentioned, the defendant bank is liable for, and for which judgment is asked against it.

Different propositions are presented and argued by counsel for the respective parties for and against the sufficiency of the petition, the principal ones being: (a) that the contract is *ultra vires* and void as to the bank and therefore unenforceable; (b) that it is void by reason of the statute of frauds, in that it is verbal and not to be performed within one year; and (c) because it is a special promise to answer for the debt, default, or misdoings of another and is not in writing.

It is not incumbent on us to discuss and consider the three propositions mentioned if any one is regarded as an

insurmountable obstacle to plaintiff's recovery on the facts alleged in the petition.

Whether or not the alleged contract is *ultra vires,* and non-enforceable for that reason, under the facts pleaded, may not be entirely free from doubt, and yet on first impression we are disposed to say it is. We do not, however, in our view of the conclusion which must be reached on the other propositions advanced, deem it best to enter into a discussion of this phase of the case, and therefore, without expressing a positive opinion, pass on to the second question presented, regarding which we think there can exist no substantial grounds for difference of opinion.

If the agreement was not to be performed within one year from the date of its making, this must be held to be decisive as to the proper disposition of the case on the demurrer to the petition. By section 8 of the statute of frauds (Compiled Statutes, 1901, ch. 32) it is provided that any agreement which by its terms is not to be performed within one year from the making thereof shall be void unless the same or a memorandum thereof be in writing and subscribed by the party to be charged therewith. The plaintiff argues that the agreement on which he grounds his right to a recovery is not within the inhibition of the statute; that the license of the principal on the bond to sell intoxicating liquors was for but the period of one year and that the obligation of the defendant bank to hold the surety on the liquor license bond harmless, and to be performed by it, could by the action of the principal possibly, and even probably, accrue and be discharged within a year from the time of making the contract. Counsel invokes the rule, which is well sanctioned by the decisions of the courts, and generally held to by the text-writers, that an agreement is not to be declared void, as coming within the provisions of the statute, because not to be performed within a year from the making thereof, if the performance of the contract depends upon a contingency which may happen within the year, although in fact it does not happen until after the

expiration of the year. On this same phase of the subject this court has spoken in a well considered case by its present chief justice, and we can not do better than to re-iterate the rule therein announced, as a working basis for what may hereafter be said. In *Powder River Live-Stock Co. v. Lamb*, 38 Nebr., 339, it is held that such a contract to be void must be one that by its terms is not to be performed within one year from the making thereof, and that the statute does not refer to such contracts as may possibly or probably not be performed within that time. Says the author: "The statute does not include a verbal agreement which may possibly or probably not be performed within a year, nor does it apply to a parol contract, in the terms of which there is nothing inconsistent with a full and complete performance within such period. When a contract, not in writing, by its terms, or by any fair and reasonable construction of its provisions, is capable of being performed within a year, it is not within the statute." And further on: "On the contrary, the doctrine established by the adjudications of this country is that, in order to bring a case within the operation of the statute of frauds, there must be an express and specific stipulation in the contract that it is not to be performed within the year, or it must appear therefrom that it was not the intention of the parties the agreement should be performed within that period"; citing *Treat v. Hiles*, 32 N. W. Rep. [Wis.], 517; *Baker v. Lauterback*, 11 Atl. Rep. [Md.], 703; *Aiken v. Nogle*, 47 Kan., 96; *Durham v. Hiatt*, 127 Ind., 514; *Kent v. Kent*, 62 N. Y., 560; *Barton v. Gray*, 57 Mich., 622; *Horner v. Frazier*, 4 Atl. Rep. [Md.], 133; *Smalley v. Greene*, 3 N. W. Rep. [Ia.], 78. Viewing the question in the light of what has just been quoted and the authorities referred to, can it be said that it was the intention of the parties that the contract pleaded in plaintiff's petition should be performed within one year from the time of its making, or that it was probable or possible that upon the happening of some contingency within that time it could be fully executed? The agreement was made

on the 10th day of April. The license bond upon which the plaintiff was surety, and for the consequences of signing which he was to be held harmless, was to continue in force for at least one year from the 12th day of April following. It is unnecessary for us to consider what the legal effect on the agreement is, from the fact that the bond was a valid obligation resting against the surety for any liability of the principal for any act done during the year for a period of five years thereafter, or during the running of the statute of limitations. We may assume that the agreement could be fully performed within the period covered and included in the time for which the license to sell intoxicating liquors was to run; i. e., one year from the date of the issuance of the same. The agreement was to save the plaintiff harmless by reason of his having signed the bond which was required to be given as a condition precedent to obtaining a license. Such an agreement could not in the nature of things be performed until the period covered by the bond had fully elapsed. That was a year from the 12th day of April. The agreement was made on the 10th of April. The shortest possible period would be a year and two days. This time would be in contravention of the statute as much so as though it were two or five years. An hour more than the time specified is in law as fatal to the contract as though it were two, five, or a hundred years. As we understand counsel for plaintiff in error, the position is taken that possibly the only act of the principal on the bond for which a liability under its provisions could attach, might be committed in less time than one year from the time of making the contract, and therefore the agreement is valid under the rule spoken of. This contention, possibly, would be tenable if upon the happening of such act all further liability on the bond would cease, and the contract of indemnity be fully performed by saving the plaintiff harmless because of such liability thus created. But the agreement was to save him harmless for the entire period covered by the bond; and for any breach thereof, up to

and including the last minute for which the license was granted, the surety on the bond would be liable, and the defendant likewise, on its verbal agreement to save him harmless, were it not for the statute of frauds. It is expressly stipulated that the contract is not to be performed in a year. The defendant bank's liability by the specific agreement made is not to come to an end until the expiration of a year from the time the license was granted, and the bond accepted and approved, to cover and include the same period of time. It is, as it seems to us, quite clear that it was not the intention of the parties that the contract should be performed within one year from the time of its making. In no event, according to its terms, could it cease or be terminated without a violation of its terms, instead of a compliance therewith, for more than one year after it was entered into. The bank can not perform its agreement to hold the plaintiff harmless, except that its obligation to that end continue and remain in full force until the expiration of the full year for which the liquor license was granted. Its obligation is not discharged, nor the contract performed, until when at the end of that period it has responded to every legal demand arising against the plaintiff by reason of his suretyship; and the fact that a cause of action on the bond may arise the first month, or the last minute of the last month, can not change the principle applicable in determining the time for the complete performance of the contract of the defendant bank pleaded in the petition. It follows, therefore, that the demurrer to the petition was well taken, and no error was committed in sustaining it.

The judgment of dismissal is

AFFIRMED.