JULIA SARAH SIMMONS, APPELLEE, V. WILLIAM ALFRED SIMMONS, APPELLANT.

FILED APRIL 3, 1914. No. 17,646.

1. **Pleading:** PETITION: SUFFICIENCY. The petition of plaintiff, the substance of which is set out in the opinion, examined, and *held* to state a cause of action.

2. **Statute of Frauds:** ORAL CONTRACTS: TIME OF PERFORMANCE. "A verbal contract, to be void under the first clause of section 8 of our statute of frauds, must be one that, by its terms, is not to be performed within one year from the making thereof. The statute does not refer to such contracts as may possibly or probably not be performed within that time." *Powder River Live Stock Co. v. Lamb*, 38 Neb. 339.

3. **Objections** to depositions are found not to be sustained by the record.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher* and *William P. Rooney,* for appellant.

*Albert W. Crites, contra.*

REESE, C. J.

This is an appeal from the district court for Dawes county. Plaintiff is a resident of the city of London, England. Defendant, formerly a resident of England, and a brother of plaintiff, resides in Dawes county, this state. It is alleged in the petition that on or about the 22d day of October, 1908, at the city of London, England, by an oral contract, defendant borrowed and received of plaintiff the sum of £800 sterling, of the value of $3,888, which sum he agreed to pay to plaintiff on demand, with interest thereon from said date until paid at the rate of 5 per cent. per annum, interest payable annually, and for which he acknowledged receipt by the following writing: "11 Portland Place, London, W. 10-22, 1908. Rec'd of Julia Simmons the sum of (£800) eight hundred pounds with interest at (5) per cent. until paid. W. A. Simmons;" that

the receipt was duly stamped with a sufficient number of tax stamps affixed and canceled; that on or about the 4th day of February 1910, plaintiff demanded payment, whereby the amount of principal and interest to said date became due; that, defendant having failed to pay the debt, the full sum of $3,888 principal, and interest thereon at 5 per cent. per annum from the 22d day of October, 1908, is due and payable, and for which judgment was demanded. Defendant answered, denying "that he assumed or agreed to pay in any manner and form set out in said petition;" and alleging that the instrument described was not sufficiently stamped as required by the law of England. The alleged provisions of the law of that country providing for the affixing of revenue stamps to written instruments are set out in some detail, but at too great length to be here copied. It is claimed that, by the failure to attach the necessary stamps to the instrument described in the petition, it is ineffective and void. No other defense is pleaded. The reply is a general denial. A jury trial was had, resulting in a verdict in favor of plaintiff for the sum of $4,498.17. A motion for a new trial was filed, overruled, and judgment rendered on the verdict. Defendant appeals.

The assignments of errors contained in appellant's brief are: "The petition does not state a cause of action. The proof does not sustain the allegations of the petition. The court erred in refusing to quash plaintiff's depositions and in receiving them in evidence over objection. The paper pleaded is not a sufficient memorandum of an agreement not to be performed within one year. There was error in the exclusion of testimony and evidence offered by defendant, and in the reception over objection of testimony on behalf of plaintiff, particularly the testimony of the witness Herbert as to the stamp act statute of England, and the rejection of the official published volume containing the same offered by defendant. The verdict is contrary to law."

As to the contention that the petition is not sufficient to state a cause of action, we do not think that the appellant's

objection is sound. The action is not founded upon the written instrument copied in the petition. It is for money alleged to have been loaned to defendant under an oral contract to repay the same on demand. True, the memorandum is, unnecessarily perhaps, copied into the petition, but under the allegations its office could only be used as corroborative evidence in support of the charge as to the loan. ·

As bearing on the question of the sufficiency of the petition, we may anticipate a later assignment to the effect that the contract was not to be performed within one year. We are not advised of any provision in the statute of frauds, either in this state or in England, which requires a contract to pay, or the payment of, a debt due upon demand to be performed within one year after contracting the debt. It is well understood that the statute does not include cases of that kind. There is nothing in the pleadings nor evidence showing that the alleged oral contract was not to be performed within one year, nor is any suggestion of the kind contained in the written memorandum receipt. This being true, the statute of frauds cannot be applied. *Powder River Live Stock Co. v. Lamb,* 38 Neb. 339; *Reynolds v. First Nat. Bank,* 62 Neb. 747, and other cases cited in 2 Neb. Syn. Dig. p. 1378.

"The proof does not sustain the allegations of the petition." As to this assignment, it need only be said that the evidence was conflicting, and the verdict of the jury settled the question in favor of plaintiff; there being sufficient evidence on the part of plaintiff, if believed by them, to sustain their decision. It was conceded that defendant received the £800 sterling from plaintiff on the date named, and that he signed the memorandum receipt set out in the petition; the only grounds of contention being, by plaintiff, that the money was a loan to be repaid, and, by defendant, that it was an advancement out of the estate of the mother of the parties; she being then living. The evidence preponderated in favor of plaintiff's contention. However, there is nothing in the answer presenting this issue, and it need not be discussed. ·

95 Neb. 39

Plaintiff being a resident of the city of London, England, it became necessary to take the depositions of herself and a witness in her behalf. Due notice was given and accepted by defendant's attorney, and a number of cross-interrogatories were submitted to plaintiff's attorney, who forwarded them for answer. The depositions were taken and returned to the proper office. Before the trial, defendant moved to suppress those depositions; the motion was overruled, to which defendant excepted, and the ruling is now assigned for error. The motion contains six grounds of objection, one of which is want of proper notice; the contention being that the depositions were not taken at the place named therein. The certificate of the notary shows that the depositions were so taken, and we are unable to find any competent evidence contradicting his return. The depositions were taken on the questions submitted, and, had they not been taken at the time and place suggested, it could have worked no prejudice to defendant.

The objection that "the deposition was not taken before either of the notaries" named in the notice is also without merit. The notice designates "the office of Messrs. H. de Pinna and John Venn, notaries public," as the place of taking the depositions, but does not name the officer before whom the same were to be taken. However, it appears that the notary who did take the testimony was John D. Venn.

Other objections were made in the motion but they do not require further notice. An inspection of the depositions and certificate show a compliance with the law.

It is urged that the revenue stamp required by the law of England was not affixed to the receipt in sufficient value to meet the demands of that law, a complete copy of which was offered in evidence. It is shown that adhesive stamps, aggregating one penny, were affixed to the receipt, which seems to be all that was required.

Finding no prejudicial error in the record the judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.