No. 25,722.

THE W. T. RAWLEIGH COMPANY, *Appellant,* v. FLOYD C. HOLT, NEIL McEACHERN and C. C. IDDINGS, *Appellees.*

### SYLLABUS BY THE COURT.

SALES—*Itemized Bills of Merchandise—Part of Items Valid Sales—Partly Sold in Violation of Law—Enforcement of Contract.* Merchandise ordered from the seller and shipped to the buyer, which was itemized and the price of each article named in the bills, included a few articles which were sold in violation of law. In an action to recover for the entire account it is held that no recovery can be had for the articles illegally sold; but as the legal parts of the sales were separable from the illegal, the seller may recover for such articles as were legally sold.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed February 7, 1925. Reversed.

*L. H. Finney,* of Wellington, for the appellant.

*W. T. McBride,* and *Ira R. Elswick,* of Wellington, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the W. T. Rawleigh Company to recover $1,835.81 for merchandise sold by it to Floyd C. Holt, the payment for which was guaranteed by Neil McEachern and C. C. Iddings. The verdict and judgment were in favor of the defendants, and plaintiff appeals.

The merchandise was furnished to Holt, designated as the buyer, under a general contract that plaintiff, named the seller, would sell merchandise to him at current wholesale prices, shipments to be made as orders were made by Holt. He was to pay for the goods purchased on the 15th of each month, in which event he was to receive a discount of three per cent from invoice prices. It was a part of the general agreement that plaintiff should take back unsold goods that were in good condition and credit the value of the same to Holt. There was a stipulation that plaintiff, at its option, would sell Holt the wagon for use in the sale and distribution of goods. With each contract was a guaranty agreement under which the guarantors bound themselves for the money that might become due from Holt for merchandise purchased, and there was a provision, too, that the guaranty should be effective without instituting a suit against Holt or exhausting plaintiff's remedies against him for amounts overdue. Purchases of goods were made by Holt from

time to time from March, 1917, to August, 1920, during which time Holt had paid over $3,000, but there was still due from him to the plaintiff $1,835.81. He ceased doing business and left the community. When the action was brought the plaintiff was unable to obtain service upon him and no defense in his behalf was made. The case proceeded upon the guaranties assumed by McEachern and Iddings, and their principal defense was that certain extracts included in the merchandise, for the price of which a recovery was sought, contained alcohol in such quantities as to make the sale thereof a violation of the prohibitory liquor law. The claim was that plaintiff necessarily knew that the extracts furnished upon the order of Holt were intoxicating, because some of them contained from 80 to 85 per cent of alcohol, and the prices paid for them, as well as the quantities purchased, indicated plainly enough that they were bought for use as intoxicating beverages. The alcohol extracts illegally sold were confined to peppermint and lemon extracts, and with these were sold on various orders, a large number of articles, among which were soaps, oils, spices, ointments, salves, medicines, pills and powders, toothbrushes, almanacs and books, and many other things which did not fall within the ban of illegality. While Holt had given over sixty orders for merchandise which was transferred to plaintiff in an equal number of shipments, and although most of these invoices did not embrace any of the intoxicating extracts, the court proceeded on the theory that if the two extracts named were intoxicating in character and plaintiff knew that they were being sold by Holt, the plaintiff could not recover for any of the merchandise sold. The defendant asked for an instruction to the effect that plaintiff was entitled at least to recover on all sales of merchandise which did not include the intoxicating extracts, but this was refused. In these rulings there was error. It is true that where there is a single indivisible contract, as, for instance, a promissory note, and the whole or a part of the consideration is illegal, the contract is tainted so that it cannot be used as a basis of an action. (*Gerlach v. Skinner,* 34 Kan. 86, 8 Pac. 257; *The State v. Wilson,* 73 Kan. 343, 84 Pac. 737.) These cases, however, recognize that if the contract covers several parts, some of which are legal and some illegal, and the legal parts of the goods are severable, a recovery may be had to the extent of that which is legal. It is true that there was a general agreement between the parties establishing relations, providing for future sales at wholesale prices, fixing times

of settlement, and providing for a guaranty of payments; but this preliminary arrangement contemplated that actual sales should thereafter be made or not, at the option of the seller. The orders for and the billing and shipment of goods were divisible transactions, and these included sales of distinct articles at affixed prices. The sales by plaintiff, which ran through a period of about three years, covered more than 100 different articles aside from the two which were intoxicating in character. Of the sixty orders and invoices it appears that thirty-eight of them included neither of the two alcoholic extracts. The itemized bills tend to show that of all the merchandise shipped to Holt during the entire period, and which amounted to $5,155.02, less than $330 was for the illegal extracts. The condemned articles are separately itemized in the invoices of the goods sold and the prices of each item distinctly stated, so that there is no difficulty in separating the legal from the illegal. It was held in *Henshaw v. Smith,* 102 Kan. 599, 171 Pac. 616, that:

"If a contract contains provisions some of which are valid and some of which are invalid, and the lawful matter can be readily severed from that which is unlawful, the lawful portion of the contract will be upheld." (Syl. ¶ 1.)

The authorities sustaining this view are grouped in a note found in 117 A. R. 498; see, also, 13 C. J. 515.

Defendants speak of a third article named "dement," which was included in the sale, and is claimed to be illegal because of alcoholic content, but we are unable to find anything in the evidence showing it to be intoxicating. However, on another trial an inquiry may be made as to the nature of the article mentioned and whether a sale of the same was illegal.

The judgment is reversed and the cause remanded for a new trial.