No. 25,926.

THE LEWIS B. SOLOMAN CIGAR COMPANY, *Appellee,* v. M. MERCER, doing business as THE MERCER DRUG COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

SALES—*Illegal Items—Partial Invalidity.* In an action on a check for the amount due on a merchandise account containing illegal items, defendant pleaded the original invoices, in which articles were itemized and prices were extended against the separate items. Plaintiff offered to submit to deduction of the illegal items, and by consent of parties the invoices were purged, and the court rendered judgment for the sum of the legal items. *Held,* the items of the invoices were separable, and the judgment is free from taint of those which were illegal.

Appeal from Clark district court; LITTLETON M. DAY, judge. Opinion filed May 9, 1925. Affirmed.

*J. B. Hayes,* of Ashland, for the appellant.

*F. C. Price,* and *F. N. Cossman,* both of Ashland, for the appellee.

The opinion of the court was delivered by

BURCH, J.: In an action on a check given for the sum due on a merchandise account containing illegal items, the account was purged by consent of parties, and judgment was rendered for the amount of the lawful items. Defendant appeals.

Defendant attached to his answer the original invoices. There were no illegal items in some of them. In the others the articles of merchandise were itemized and prices were extended against the separate items. At the trial by the court without a jury on an agreed statement of facts, plaintiff's attorney offered to consent to deduction of the illegal items disclosed by the invoices. The court

observed the check did not pay the debt, and directed the attorneys for the respective parties to go through the invoices and eliminate the illegal items. This was done without objection and by consent. The result was reported to the court, and judgment was rendered for the balance due, shown by the invoices after the illegal items were deducted.

Of course plaintiff could not recover on the check. Plaintiff could recover, however, on the purged invoices, because the legal and illegal items were separable (*Rawleigh Co. v. Holt et al.,* 117 Kan. 712, 232 Pac. 866); and with permission of the court, which was in full possession of the entire controversy, plaintiff might have substituted the invoices for the check as a basis for recovery. Defendant's consent to purge the invoices rendered this formality unnecessary, and the judgment is free from taint of those items which were illegal.

The judgment of the district court is affirmed.

HARVEY, J., not sitting.