No. 29,381.

R. L. GLASCOCK, *Appellee,* v. C. W. STAMEY, *Appellant.*

(288 Pac. 579.)

Opinion filed June 7, 1930.

*A. C. Malloy, Roy C. Davis* and *Warren H. White,* all of Hutchinson, for the appellant.

*Walter F. Jones* and *Carr W. Taylor,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOCHEMS, J.: This action was brought on four promissory notes. Judgment was rendered for the plaintiff, and the defendant appeals.

The petition was in four counts, each count being based upon a separate note. To the petition defendant filed an answer and cross petition, and after alleging the preliminary relations between the parties, pleaded a certain contract which was attached as exhibit A. The defendant further alleged that in pursuance to this contract, which provided, among other things, that after funds had been raised from certain sources to defray the expense of erecting the hotel building specified in the contract, that any deficit which should remain should be made up by each of the parties (Glascock, Stamey and Mackey) contributing one-third of such deficit. In consideration of so advancing the deficit each party was to receive one-third of the common capital stock of the corporation. The defendant further alleged that after raising the funds from the various sources anticipated in the contract, there remained a deficit of approximately $60,000, and that under the terms of the contract the plaintiff should have paid in to the Fifth Avenue Building Corporation (the corporation which built the hotel) the sum of $23,470.75, and that of said amount the plaintiff paid in only the sum of $10,159.16; that he failed and refused to pay in the remainder. The defendant alleged that after plaintiff had so paid in the above sum it was refunded to him; that plaintiff advised the defendant and his associate Mackey that he had met with reverses and was without funds, and it would be necessary for them to advance the remainder of the money and take over his share of the common stock; that he would repay them when his affairs were settled and he had funds available. That in order to save the investment of the three parties in the project, and in order to accommodate the plaintiff, and in response to his plea and request, the defendant and his associate Mackey took over plaintiff's common stock and gave him their notes for the amount of his refund ($10,159.16, above mentioned), and then advanced the remainder of his proportion of the cost of the building out of their own funds in equal parts for and on behalf of the plaintiff. That pursuant thereto the defendant advanced the sum of approximately $11,735.37 on behalf of the plaintiff, and that the said advancements were made over a period beginning about October 14, 1922, and ending about October 12, 1923. That these

amounts were necessary to pay for labor, material and supplies. The defendant prayed for recovery against the plaintiff for the sum of $11,735.37 and interest thereon from October 12, 1923.

To this answer and cross petition the plaintiff filed a reply admitting the execution of the contract exhibit A, alleging, however, that the defendant and his associate Mackey, on October 4, 1923, purchased from the plaintiff all of his interest in the Fifth Avenue Building Corporation, and in the contract set forth in defendant's answer and cross petition, and the interest of the plaintiff in all stock in the corporation which had been issued to the plaintiff or was to be issued to him under the terms of the contract; that as a part of the transaction the defendant and his associate Mackey were to assume all of plaintiff's obligations under the contract set forth in the answer and cross petition, and were to receive all of the stock issued or to be issued to plaintiff under the terms of the contract. The reply further denied that the defendant and Mackey advanced any funds to the corporation for the account of or on behalf of the plaintiff.

A jury was waived by the parties and upon the foregoing issues the case came to trial before the court. After hearing the evidence the court took the case under advisement and later made findings of fact and conclusions of law. In substance the court found the facts to be as follows:

That in the spring of 1922 the plaintiff Glascock began the promotion of a project to build a five-story hotel on certain property in the city of Hutchinson, which belonged to the defendant Stamey and his associate Mackey; that a charter was obtained for a corporation to be known as the Fifth Avenue Building Corporation, capitalized at $150,000, which was made up of $60,000 preferred stock and $90,000 common stock. The court further found that the contract set up by defendant in his answer and cross petition had been duly entered into on November 2, 1922, between the Fifth Avenue Building Corporation, as party of the first part, Messrs. Stamey and Mackey as second parties, and the plaintiff Glascock as third party; that in pursuance of the terms of the contract the defendant Stamey and his associate Mackey delivered a warranty deed to the hotel company and received a consideration therefor of $30,000 par value of the common stock; that thereafter the building was erected by the corporation and completed in August, 1923, at a cost of $198,000, exclusive of the site. The court found that while the

building was in the course of construction mortgages were placed on the property for $65,000; that subscriptions were obtained to the preferred stock by Glascock to the amount of $48,000 and that the solicitation of subscriptions was thereupon discontinued by mutual consent of the parties; that $15,000 was borrowed of the American National Bank in lieu of the sale of the remainder of the preferred stock. The court further found that the plaintiff was a director and officer of the corporation; that about $10,000 of the cost of construction of the building was paid from rentals after the hotel was completed; that the total amount derived from the mortgage, preferred stock subscription, bank loan and rentals was approximately $138,000, leaving a balance necessary to pay the cost of construction of approximately $60,000; that the defendant Stamey and his associate Mackey each advanced $30,000 to cover this deficit, as shown by the corporation's books. The court further found that under the contract exhibit A, which was set forth in the findings in full, the plaintiff Glascock advanced to the corporation approximately $10,000 and was in return issued $10,000 of the common stock of the corporation; that on or about October 4, 1923, the defendant Stamey and his associate Mackey purchased this $10,000 worth of common stock from the plaintiff and gave a series of notes payable to plaintiff, maturing over a period of years. That the first four notes of $1,000 each were promptly paid as they matured and part of the unpaid notes are those for which plaintiff sued in this action. The action was brought on such portion of the notes as were due at the time the suit was started. Several notes, in addition to those sued upon, remained undue and unpaid. The court found further that for some reason—probably on account of financial reverses—the plaintiff in the summer of 1923 found he was unable to fulfill his obligation under the contract, and decided to relieve himself of the obligation and dispose of his stock in the building company. That he first negotiated with one C. E. Brown to take over his stock. Brown decided not to go through with the deal and he then interested Stamey and Mackey, who purchased the stock from him and gave him a series of notes, aggregating $10,000, which included the notes sued upon as hereinbefore set out. The court further found that the defendant in writing agreed to hold the plaintiff harmless on an obligation of $4,875 to the Wheeler-Kelly-Hagny Company, which grew out of the contract exhibit A, and that the defendant further agreed in writing to hold plaintiff harmless from liability

on a certain bond given to the Massachusetts Mutual Life Insurance Company guaranteeing the completion of the building and the payment of material and labor bills. That defendant further agreed to hold plaintiff harmless from any liability on the notes given to the American National Bank in the amount of $15,000. That the defendant did not assume the obligation of plaintiff to make advancements under the contract exhibit A, and further, that the contract contained a clause reading:

"No assignment purporting to shift the obligations of any one of the parties as defined herein, shall be valid or shall excuse any one of the parties from performance, unless and until such transfer or assignment and assumption of the obligations by assignee shall have been approved and ratified by the stockholders of the first party."

The court found that no approval and no ratification of the stockholders was secured, nor was any effort made to secure such ratification, and found further that the advancements made by Stamey and Mackey were made for and on behalf of the plaintiff and were consented to and acquiesced in by the plaintiff; that $30,000 par value of the common stock of the corporation was issued to Stamey and Mackey for the real estate; that they purchased $10,000 par value thereof from the plaintiff, in payment of which the notes sued upon were executed, together with the remainder of the series of notes aggregating $10,000, and the then remainder of stock amounting to $50,000 was issued in equal proportions to Stamey and Mackey.

In its conclusions of law the court set out a clause in the contract exhibit A, reading as follows:

"If for any reason any one of the parties to this contract pays a larger proportion than any other one, then the division of said common stock shall be ratably apportioned according to such increased sum paid by such one."

The court held that this clause fixed the rights and liabilities of the parties and that under it, if one failed to pay his share when called upon, then the others could pay his share and take the stock which otherwise would have been issued to such one. That the plaintiff failed to pay when called upon and the others, including the defendant, paid what plaintiff failed to pay and took the stock he would have received had he met the call and carried out the terms of the contract; that they have no cause to complain against the plaintiff; that they did no more than they agreed to do when they entered into the contract and would have suffered no loss had

the stock been worth the figures they and the plaintiff placed upon it when the agreement was entered into.

Upon this conclusion the court rendered judgment for the plaintiff for the amount of the notes sued upon, plus interest and costs.

The appellant contends that the court found all of the issues of fact in favor of appellant, but held that appellant's defense was unavailing because of the clause set forth in the court's conclusions of law. Appellant contends further that the trial court erred in its conclusion in that such conclusion amounted to a holding that if one party advanced more than his share of the deficit he should take the stock as a sort of liquidated damage for breach of contract on the part of the failing party. He argues that there is nothing in this clause which is not entirely consonant with an interpretation that the party thus advancing additional funds should hold the additional stock as security for the amount advanced until repaid by the parties for whom he advanced it.

The contention of appellant is not tenable. In order to enable the appellant to maintain his position it would be necessary to read into the contract a clause providing that in the event of default by either party, that either of the others shall advance his share of the deficit and the party so advancing may hold the stock of the defaulting party as collateral security and recover from him the amount so advanced. There is no such clause in the contract and it cannot be so construed. The judgment of the court upon the construction of the contract is correct. (*Henshaw v. Smith,* 102 Kan. 599, 171 Pac. 616; *Myers v. Liberty Life Ins. Co.,* 124 Kan. 191, 257 Pac. 933; *White v. White,* 124 Kan. 449, 260 Pac. 651.)

Other points are urged by the appellee in support of the judgment, but in view of the conclusion reached it is unnecessary to consider them.

The judgment is affirmed.